*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00834-CR

Roseann **CASTILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CR-7365A
Honorable Bert Richardson, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:     Karen Angelini, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:   December 3, 2008

MOTION TO WITHDRAW GRANTED; AFFIRMED

Roseann Castillo was indicted for possession with intent to deliver cocaine in an amount of four grams or more, but less than two hundred grams.  Castillo pled nolo contendere to the charge in exchange for the State's recommendation that adjudication be deferred. Pursuant to the plea agreement, the trial court deferred adjudication and placed Castillo on community supervision.  The State later filed a motion to adjudicate guilt, alleging Castillo violated various conditions of her community supervision. Castillo pled true to one of the allegations. The trial court adjudicated Castillo guilty and sentenced her to twelve years in prison.

Castillo's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Castillo was provided a copy of the brief and motion to withdraw and was informed of her right to review the record and file her own brief. Castillo has not done so.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed by Castillo's counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.–San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.–San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Castillo wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

                                                Steven C. Hilbig, Justice

Do not publish